# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. PHILIP JOHN CASTAGNOLA (14), Defendant. | Case No. 10CR5016-H<br><br>ORDER DENYING MOTION TO REDUCE SENTENCE UNDER 18 U.S.C. § 3582(c)(2) |

On April 14, 2015, Defendant Philip John Castagnola ("Defendant") filed, through his previously appointed defense attorney Merle N. Schneidewind, a joint motion with the concurrence of the Government to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on Amendment 782 to the United States Sentencing Guidelines ("U.S.S.G.") as promulgated by the United States Sentencing Commission. (Doc. No. 1545.)

On April 17, 2015, the Court issued an Order to Show Cause ("OSC") why the Count should not deny the joint motion to reduce the Defendant's sentence based on the limitation in U.S.S.G. § 1B1.10(b)(2)(A), since the Court made two departures in the Defendant's original sentence. (Doc. No. 1546.) The Court imposed a custodial sentence of 87 months after departing downward one level based on the parties' joint

-1-

recommendation[1] (Doc. Nos. 859 and 1073) and departing downward one additional level under United States v. Cook, 938 F.2d 149 (9th Cir. 1991) and Koon v. United States, 518 U.S. 81 (1996) for a combination of factors under U.S.S.G § 5K2.0. (See generally Doc. Nos. 1123 and 1125.)

On April 21, 2015, the Defendant responded to the OSC. (Doc. No. 1547.) The Defendant argues that that the purpose of the one-level "fast-track" departure under § 5K3.1 was to "account for time served of 245 actual days in custody in a related state case (SCD231394)" and that "[u]nder the sentencing guidelines § 5G1.3(b), the Court may depart downward" to account for the time the Defendant served in state custody. (Id. at pg. 4.) Furthermore, the Defendant asserts that "[c]ounsel has used the term 'fast track' for the departure when in fact it was a departure under 5G1.3." Id. The Defendant did not address the Court's additional § 5K2.0 departure under Cook and Koon.

In response to the Court's OSC, the Government now opposes the motion to reduce the Defendant's sentence, arguing that "[b]ecause these departure were not related to substantial assistance, then under § 1B1.10, they do not carry over to the new, amended, guideline calculation" and "[t]herefore, under §1B1.10(b), Defendant is not entitled to any further reductions, and the Court should deny his motion." (Doc. No. 1554 at pg. 7.) The Court agrees with the Government.

The Court turns to the applicable Guideline language and law to evaluate the motion for a sentence reduction under § 3582(c)(2). U.S.S.G. § 1B1.10(b)(1) (Nov. 1, 2014) provides that:

> In determining whether, and to what extent, a reduction in the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement is warranted, the court shall determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines listed in subsection (d) had been in effect

---

[1] The Defendant's sentencing summary chart classified the downward departure as a "fast-track" departure under 5K3.1. (Doc. No. 1073.) However, the reason for the departure request was to account for the time the Defendant served in state custody. (See Plea Agreement, Doc. No 710 at pg. 9.)

-2-

at the time the defendant was sentenced. In making such determination, the court shall substitute only the amendments listed in subsection (d) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.[2]

Additionally, "the court shall not reduce the defendant's term of imprisonment under 18 U.S.C. § 3582(c)(2) and this policy statement to a term that is less than the minimum of the amended guideline range determined under subdivision (1) of this subsection." U.S.S.G. § 1B1.10(b)(2)(A) (Nov. 1, 2014). The commentary to § 1B1.10 clarifies that the "[e]ligibility for consideration under 18 U.S.C. § 3582(c)(2) is triggered only by an amendment listed in subsection (d) that lowers the applicable guideline range (i.e., the guideline range that corresponds to the offense level and criminal history category determined pursuant to §1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance)." U.S.S.G. § 1B1.10 cmt. n.1(A) (Nov. 1, 2014).

An exception exists under U.S.S.G. § 1B1.10(b)(2)(B) (Nov. 1, 2014) if a defendant was sentenced below the Guideline range pursuant to a government motion reflecting a defendant's substantial assistance under U.S.S.G. § 5K1.1 (at the time of sentencing) or under Fed. R. Crim. P. 35(b) (post-sentencing).

In Dillon v. United States, 130 S. Ct. 2683, 2691 (2010), the Supreme Court explained the limited nature of the § 3582(c)(2) proceedings and the process for ruling on motions to reduce sentenced under that section.

> Consistent with the limited nature of §3582(c)(2) proceedings, §1B1.10(b)(2) also confines the extent of the reduction authorized. Courts generally may "not reduce the defendant's term of imprisonment under 18 U. S. C. §3582(c)(2) . . . to a term that is less than the minimum of the amended guideline range" produced by the substitution. §1B1.10(b)(2)(A). Only if the sentencing court originally imposed a term of imprisonment

---

[2] Amendment 782 to the U.S.S.G. has been added to subsection (d), making the application of Amendment 782 retroactive to sentences imposed prior to its promulgation by the Sentencing Commission. U.S.S.G. § 1B1.10(d) (Nov. 1, 2014).

-3-

below the Guidelines range does §1B1.10 authorize a court proceeding under §3582(c)(2) to impose a term "comparably" below the amended range. §1B1.10(b)(2)(B).

In <u>Dillon</u>, the Supreme Court required district courts to follow a two-step process in ruling on motions under § 3582(c)(2). The Supreme Court cautioned that "[f]ollowing this two-step approach, a district court proceeding under §3582(c)(2) does not impose a new sentence in the usual sense." <u>Id</u>. Furthermore, "proceedings under 18 U.S.C. § 3582(c)(2) and this policy statement do not constitute a full resentencing of the defendant." U.S.S.G. § 1B1.10(a)(3). The two-step process provided by <u>Dillon</u>, 130 S. Ct. at 2691-92, is as follows:

> At step one, §3582(c)(2) requires the court to follow the Commission's instructions in § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. Specifically, § 1B1.10(b)(1) requires the court to begin by "determin[ing] the amended guideline range that would have been applicable to the defendant" had the relevant amendment been in effect at the time of the initial sentencing. "In making such determination, the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected."
>
> At step two of the inquiry, §3582(c)(2) instructs a court to consider any applicable §3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case. Because reference to §3553(a) is appropriate only at the second step of this circumscribed inquiry, it cannot serve to transform the proceedings under §3582(c)(2) into plenary resentencing proceedings.

The district court's discretion at step two is limited. See <u>Freeman v. United States</u> 131 S. Ct. 2685, 2693 (2011) (Noting that "[t]he binding policy statement governing §3582(c)(2) motions places considerable limits on district court discretion"). In <u>Freeman</u>, the Supreme Court further explained that "[i]n an initial sentencing hearing,

-4-

a district court can vary below the Guidelines; but, by contrast, below-Guidelines modifications in §3582(c)(2) proceedings are forbidden, USSG §1B1.10(b)(2)(A), except where the original sentence was itself a downward departure [pursuant to] §1B1.10(b)(2)(B)." <u>Freeman</u> at 2693. As a result, this Court is not permitted to engage in a de novo resentencing in a § 3582(c)(2) proceeding and therefore cannot grant the same departures or variances granted at the initial sentencing hearing, unless that departure was granted pursuant to a government's motion for substantial assistance as defined by the Guidelines.[3] And the Ninth Circuit recognized the limitation in § 1B1.10(b)(2)(A). <u>United States v. Davis</u>, 739 F.3d 1222, 1226 (9th Cir. 2014) (Noting that "[a]lthough the Commission crafted § 1B1.10(b), it is Congress that has made policy statements available as a general matter and binding on the courts").

The Defendant characterizes § 5G1.3 as an "adjustment" rather than a "departure." (Doc. No. 1547 at pg. 6.) U.S.S.G. § 5G1.3(b)(1) and (2) provide that "the court shall adjust the sentence for any period of imprisonment already served on the undischarged term of imprisonment if the court determines that such period of imprisonment will not be credited to the federal sentence by the Bureau of Prisons" and further provide that "the sentence for the instant offense shall be imposed to run concurrently to the remainder of the undischarged term of imprisonment." The Court agrees that the Guidelines characterize § 5G1.3(b)(1) and (2) for an undischarged term of imprisonment as an "adjustment" rather than a "departure."

But the Defendant did not have an undischarged term of imprisonment at the time of sentencing in this case. A careful review of the record shows that the defendant had already served his state court sentence by the time he was arrested in this case. (<u>See</u>

---

[3] The commentary to § 1B1.10 defines "substantial assistance" as a government motion under "§5K1.1 (Substantial Assistance to Authorities) (authorizing, upon government motion, a downward departure based on the defendant's substantial assistance); 18 U.S.C. § 3553(e) (authorizing the court, upon government motion, to impose a sentence below a statutory minimum to reflect the defendant's substantial assistance); and Fed. R. Crim. P. 35(b) (authorizing the court, upon government motion, to reduce a sentence to reflect the defendant's substantial assistance)." U.S.S.G. § 1B1.10 cmt. n.3 (Nov. 1, 2014).

Plea Agreement, Doc. No. 710 at pg. 9). ("The parties will recommend a 1-level combination of factors departure based, among other things, on the fact that Defendant was sentenced to 1 year in San Diego County (California) Superior Court case number SCD231394 for conduct that took place during the conspiracy in this case and Defendant has already completed that state sentence.").

Since the Defendant's state court sentence was a discharged term rather than an undischarged term of imprisonment, the appropriate Guideline section is U.S.S.G. § 5K2.23, which provides that:

> A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of §5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment or Anticipated Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

The plain language of § 5K2.23 demonstrates that the Court's decision to take into account the Defendant's discharged state court term of imprisonment is a departure and not an adjustment. And the Defendant ignores the Court's other one level § 5K2.0 departure under Cook and Koon at sentencing. In light the record, the Court is not authorized to consider these departures in a § 3582(c)(2) proceeding because the Court may only consider, absent a departure arising from a government motion reflecting a defendant's substantial assistance as defined in § 1B1.10(b)(2)(B) and § 1B1.10 cmt. n.3., the amended Guideline range. See United States v. Pleasant, 704 F.3d. 808, 812 (9th Cir. 2013) (Noting that the commentary to § 1B1.10 "was added to resolve a circuit split that had arisen over whether a defendant's 'applicable guideline range' should be derived before or after the application of a departure or variance" and clarifying that the amended Guideline range "is derived pre-departure and pre-variance").

With the legal framework in mind, the Court turns to its application to the

Defendant's motion to reduce his sentence. In this case, the Court sentenced the Defendant to a custodial term of 87 months after departing downward two levels. The Court granted a one level departure based on the parties' joint recommendation concerning his completed state court sentence, and an additional one level departure under Cook and Koon combination of factors under § 5K2.0 based on the Court's assessment of the Defendant's post-arrest rehabilitation and his participation in the overall conspiracy in relation to the co-defendants. No departures were granted pursuant to a government motion reflecting a defendant's substantial assistance under § 5K1.1 or under Fed. R. Crim. P. 35(b) in this matter. At a total offense level of 27 with a criminal history category of III, under Amendment 782, the amended Guideline range for the term of imprisonment in this case is 87 to 108 months. The Defendant's original sentence of 87 months is at the minimum of the amended Guideline range. As a result of the limitation in § 1B1.10(b)(2)(A), the Defendant is not entitled to a reduction of his sentence. Additionally, the Court declines to reduce the Defendant's sentence as a discretionary matter. Accordingly, the Court DENIES the motion to reduce the Defendant's sentence under 18 U.S.C. § 3582(c)(2).[4]

IT IS SO ORDERED.

DATED: July 23, 2015

HONORABLE MARILYN L. HUFF
UNITED STATES DISTRICT JUDGE

---

[4] The Court denies the Defendant's motion based on the limitation in § 1B1.10(b)(2)(A). The Sentencing Commission has the authority to amend the limitation to allow the Court to consider other departures (other than a departure based on a government motion reflecting a defendant's substantial assistance) in a § 3582(c)(2) proceeding should the Sentencing Commission elect to do so.